People v Conway (2003 NY Slip Op 51514(U))

[*1]

People v Conway

2003 NY Slip Op 51514(U)

Decided on December 20, 2003

Justice Court Of Town Of Webster, Monroe County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 20, 2003

Justice Court Of Town Of Webster, Monroe County,

against
The People of the State of New York, Plaintiff, vs. James R. Conway, Defendant.
CR#: 307093

Howard R. Relin,Esq. District Attorney, Amy Bogardus, Esq., of Counsel, for plaintiff. John F. Speranza, Esq., Attorney for Defendant

Thomas J. DiSalvo, J.
Facts of the Case.
The defendant was charged with common law driving while intoxicated, in violation of Vehicle and Traffic Law Section 1192(3) and driving on the left hand side of the road in violation of Vehicle and Traffic Law Section 1130(1). The alleged incident occurred on August 22, 2003 at approximately 5:24 P.M. The information affirmed by Trooper Kim A. Smith alleges that the defendant "operated a 1999 Ford pick-up ... east bound on St. Rt 104 East, crossed the center median continuing east bound in the west bound lanes striking a bound vehicle and the bridge over Hard Rd. in the Town of Webster, Monroe Co. New York while in an intoxicated condition." The "Report of Refusal to Submit to Chemical Test" indicated that the time of the arrest was 6:27 P.M. and the time of the alleged refusal was at 6:29 P.M. on said August 22, 2003. The actual arrest took place at Rochester General Hospital, where the defendant had been taken by ambulance. The information was accompanied by six supporting depositions. The supporting depositions were signed by various eye witnesses. None of the supporting depositions were executed by said witnesses on the day of the arrest.
The defendant was arraigned in the presence of his attorney in Webster Town Court on September 9, 2003. Subsequently, Omnibus Motions were served by defense counsel and the matter was set down for argument of motions on November 19, 2003. Defense counsel indicated in his oral argument that he was not seeking any suppression hearings as he did not contest the facts, as they related to said hearings, as set out in the accusatory instruments and discovery material.
 The defendant raised three issues in his motions. First, the defense argued that the Trooper did not have probable cause to arrest the defendant at the time of the arrest. Defense counsel argues that the accident, without anything more, such as road side tests, a chemical test, nor "...upon any direct observations by the arresting officer of the defendant having driven in violation of Vehicle and Traffic Law Section 1192" does not as a matter of law constitute reasonable cause to arrest the defendant. More specifically, the defense argues that the prosecution is improperly attempting to use supporting depositions obtained after the arrest of the [*2]defendant to show that there was probable cause to arrest the defendant in the first place. The defense was provided with the discovery package, which contained the New York State Police "DWI Investigative Notes", which set out the officers observation of defendant. Those observations included some of the standard indicia of intoxication. The Trooper observed the defendant as having slurred speech and a flushed face. She detected an odor of alcoholic beverage on the defendant's breath. She also described the defendant "nodding Off". Lastly, the defendant indicated the he had consumed some beers prior to driving his vehicle.
Second, the defense argues that statements made by the defendant after the arrest, but prior to being read his Miranda rights, should be suppressed. The trooper's handwritten notes indicate that the actual arrest took place at 6:27 P.M. and that the defendant received his Miranda rights at 6:34 P.M.
Third, the defense argues that suppression of the defendant's alleged refusal to take the chemical test is required, because refusal of the defendant to submit to the chemical test was not persistent as that term is contemplated by V& T 1194(2)(f). The refusal report indicates a single refusal taking place at 6:29 P.M. However, the Trooper's notes indicates two questions designed to get the defendant to take the test. Defense counsel argues that defendant's response to the two questions posed by the trooper was not a persistent refusal as required by the law.
Issues Presented
Did the Trooper have probable cause to arrest the defendant, based only on the accident and the observation of some of the standard indicia of intoxication exhibited by the defendant?
Should the statements made by the defendant subsequent to the arrest, but prior to being read his Miranda rights, be suppressed?
Should evidence of the defendant's refusal be suppressed?

Legal Analysis.
Probable Cause. 
The facts of the case indicate that the trooper observed on the defendant some of the standard indicia of intoxication. In addition, there was the accident presumably caused by the defendant, wherein he lost control of his vehicle and traveled from the eastbound into the westbound lanes of New York Route 104 striking another vehicle.
Criminal Procedure Law Section 70.10(2) states in pertinent part as follows:

"Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which [*3]are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it."
The trooper was justified in combining her observation of defendant with the fact of the traffic accident in deciding that it was reasonably likely that the defendant had committed the offense of driving while intoxicated. Thus, the trooper had reasonable cause to arrest the defendant for both driving while intoxicated and for driving on the left side of the road.
Suppression of Statements: 
The defendant was arrested, pursuant to the Report of Refusal to Submit to Chemical Test, at 6:27 P.M. on August 22, 2003. According to the Trooper Smith's notes, she read the defendant his Miranda rights at 6:34 P.M. Although various statements were made by the defendant to the Trooper, as set out in the C.P.L. 710.30 Notice, it is impossible to determine, at what time the statements were given. Nevertheless, any non-spontaneous statements made by the defendant between the time of arrest and the time the defendant was read his Miranda rights must be suppressed. However, since no hearing was held on the motions, exactly which statements will be suppressed will have to wait till trial, unless this issue can be stipulated to by the parties.
Suppression of Refusal. 
Defense counsel moved to suppress evidence of the defendant's refusal to take a chemical test. Vehicle and Traffic Section 1194(2)(f) states as follows:

"Evidence of a refusal to submit to such chemical test or any portion thereof shall be admissible in any trial, proceeding or hearing based upon a violation of the provisions of section eleven hundred ninety-two of this article but only upon a showing that the person was given sufficient warning, in clear and unequivocal language, of the effect of such refusal and that the person persisted in the refusal."
The statute does not define what constitutes a persistent refusal. However the Court of Appeals has indicated that the defendant must be given more than one chance to take the test. In People v. Thomas, 46 N.Y.2d 100, 108 (N.Y. , 1978) The court held that "Under the procedure prescribed by section 1194 of the Vehicle and Traffic Law a driver who has initially declined to take one of the described chemical tests is to be informed of the consequences of such refusal. If he thereafter persists in a refusal the test is not to be given (§ 1194, subd 2); the choice is the driver's. See also People v. Pagan, 165 Misc.2d 255, 261, 629 N.Y.S.2d 656, 660 (City Crim. Ct. 1995). In the instant case it is uncontroverted that when asked to take the chemical test, the defendant was in the Emergency Room at Rochester General Hospital. He was on a back board which was on a stretcher and was wearing a neck collar. The Trooper's notes indicate that the defendant was advised at 6:27 P.M. on August 22, 2003, that he was under arrest for driving [*4]while intoxicated. He was asked if he understood the reason for the arrest. The notes indicate that the defendant did understand. At 6:29 P.M. the defendant was asked if would submit to a chemical test, to which he replied "No". At the same time he indicated that he understood that his licensed would be "revoked", presumably for not submitting to the chemical test.
It would appear that the Trooper's attempt to get the defendant to submit to the chemical testing of his blood at the hospital was half hearted at best. Even though the defendant was asked twice about submitting to the chemical test, the questions asked were in such close proximity that they amounted to one actual request to take the test. In fact, the Report to Submit to the Chemical Test, signed by Trooper Smith, indicates only one refusal, taking place at 6:29 P.M. Webster's Seventh New Collegiate Dictionary at page 630 defines the word "persist" in the following terms: "to be insistent in the repetition or pressing of a question". It cannot be said that the facts of this case indicate that the defendant was persistent in his refusal to submit to a blood test. The wording of V& T 1194(2)(f) does not lend itself to a mechanistic application. In fact, the statute implies that the arresting officer must show a persistent attempt to get a defendant to take the test. A couple of questions over a minute or so fails to meet the standard of persistence required by the statute. Therefore, the defense motion to suppress evidence of the the defendant's refusal to take the chemical test is hereby granted.
This constitutes the decision and order of this court this 20th day of December, 2003.
December 20, 2003Hon. Thomas J. DiSalvo
Webster Town Justice
Decision Date: December 20, 2003